UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80287-CIV-MARRA

HERBERT J.T. WILSON, II,

    Plaintiff,
vs.

JOHN RUTHERFORD, Sheriff of
Duval County, DEPUTY HOLOCHWOST,
JACKSONVILLE'S SHERIFF'S OFFICE,
and GLOBAL TEL-LINK CORPORATION,

    Defendants.
_____/

## ORDER AND OPINION GRANTING MOTION TO TRANSFER

**THIS CAUSE** came before the Court upon Defendants John H. Rutherford and Deputy Holochwost's Motion to Transfer Venue (DE 3), filed on March 28, 2012. No Response has been filed to this Motion and the time for doing so has elapsed. The Court has carefully considered the motion and is otherwise fully advised in the premises.

This matter was originally filed in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida on December 9, 2011, DE 1 at 6, and removed to this Court on March 14, 2012. DE 1. Plaintiff, who is proceeding *pro se*, seeks declaratory, injunctive, and compensatory relief for alleged violations of Plaintiff's civil rights, violations of federal and state law, and common law fraud. See Second Amended Complaint at ¶ 1. All of the events outlined in Plaintiff's Amended Complaint (filed in state court), and his Second Amended Complaint (filed in this Court) occurred while Plaintiff was detained by the Jacksonville Sheriff's Office. The only connection to

the Southern District of Florida alleged in the Second Amended Complaint is that Plaintiff attempted to telephone his residence in West Palm Beach while incarcerated in Jacksonville.

Section 1406(a) of Title 28 of the United States Code provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Section 1391(b) of Title 28 of the United States Code provides that generally, a civil action may be brought only in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Here, two of the defendants (Rutherford and Holochwost) reside in Duval County and the third, as alleged in the Complaint, resides in Alabama. Second Amended Complaint at ¶¶ 2-6. Further, all of the events raised in Plaintiff's complaint occurred in Jacksonville, Florida. See id. at ¶ 11. Thus, venue is not proper is this district. Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that Defendant's Motion to Transfer (DE 3) is **GRANTED**. The Clerk shall close this case it shall be **TRANSFERRED** to the Middle District of Florida for all further proceedings.

**DONE and ORDERED** in West Palm Beach, this 23rd day of April, 2012.

KENNETH A. MARRA
United States District Judge